### John S. Worman v. Frank Giddey.

*Partnership : Dissolution : Division of assets : Stock in trade : Exemption from execution : Partnership debts.* One who has been a member of a firm, and who, after the dissolution of the firm and a division of the property, has continued in the same business, has a right to retain, as exempt from execution under the statute, the prescribed amount in value of the stock thus received by

him on such division; and the fact that the judgment upon which the execution issued was upon a claim against the firm, at least where the suit was not brought until after the division, could have no influence upon the right of exemption.

*Exemption from execution: Partnership.* The question of the right of a firm, or of persons in the character of partners, to assert the exemption privilege under the statute, is not involved in this case; the circumstances excluded that question.

*Submitted on briefs July 22.        Decided July 24.*

Error to Wayne Circuit.

*George H. Prentis,* for plaintiff in error.

*Morgan E. Dowling,* for defendant in error.

GRAVES, CH. J.

For some time preceding the 13th of June, 1873, the plaintiff and one William Penrose were co-partners in the commission business, and became indebted to the firm of Lichtenberg & Sons. At the date before mentioned, the plaintiff's firm, being insolvent, was dissolved, and the effects were divided between the partners, the plaintiff taking as his share the articles in question in this cause.

Immediately on such dissolution the plaintiff became engaged in the same kind of business which had been carried on by his firm. On the 25th of the same month, and nearly two weeks after the dissolution and the division between the plaintiff and Penrose, the firm of Lichtenberg & Sons commenced a suit against the plaintiff and Penrose to recover the demand held against them, and on the 7th of July obtained judgment, and on the 14th caused an execution to be issued upon it. This execution was delivered for service to the defendant, who was a constable in Detroit, and he thereupon levied it on the property in suit, and which was the same property received by the plaintiff on the division between himself and Penrose.

The plaintiff brought replevin, and on the trial he gave evidence tending to show that the articles in question were worth fifty-five dollars, and were necessary to enable him to

carry on his business. The court instructed the jury to find for the defendant, and the charge appears to have been based upon the idea that the plaintiff's claim depended upon the right of a firm, or of persons in character of partners, to assert the exemption privilege given by the statute.

This, however, was a mistake. No such question was involved. The circumstances excluded it. The mere fact that the plaintiff's firm were debtors of Lichtenberg & Sons gave the latter no legal dominion over their debtors' goods.

Until legal proceedings, adapted to bind the property, were had, the owners were not precluded from reducing their joint holding to separate ones; and the evidence for the plaintiff went to show that the joint interest was severed, and the whole right in these goods vested in the plaintiff, not only before the seizure on the execution, but previous to the commencement of the suit. The fact that the property had been some time before held by the plaintiff and Penrose as partnership property, was of no consequence in so far as the right of exemption was concerned.

That circumstance could not have the effect to impress upon the property a permanent quality or character by which it would continue forever subject to be treated as firm property.

By the division, the plaintiff became separate owner prior to the suit brought by Lichtenberg & Sons, and his right to hold under the exemption laws was not made abortive by reason that the property came to him from the firm, and was taken by defendant on a debt of the firm.

I think the court erred in directing the jury to find for the defendant, and that the judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.