Okey, C. J.
In Gaylord v. Imhoff, 26 Ohio St. 317, the question was presented whether the members of an insolvent firm were entitled to the statutory exemptions out of the partnership property, after it had been seized in execution by partnership creditors, all the members joining in demanding the exemptions. The cases upon the question were found to be in conflict, but this court, for reasons clearly stated by Gilmore, J., and entirely satisfactory to us, answered the question in the negative. The question now before us, however, is different. It is whether the joint interest was severed — whether the title to the property was vested in A. C. Flanagan alone — before the partnership creditors asserted, in any form, alien upon or maim to such property. And this question we answer in the affirmative. The denial in the reply seems to be as broad as the averments in the answer; but if we construe the reply as admitting that one of the reasons which induced the dissolution and the sale to A. C. Flanagan was to enable him to claim an exemption from execution, the result would be the same. A sale fairly and honestly made by one member of a firm, of his interest in the partnership property and effects to the other partner, will not be rendered invalid by the fact that it was expected such partner would thereafter avail himself of the provisions of the statute to hold such property exempt from execution. Such a purpose, where the purchase is Iona fide, is not the subject of averment or proof. Worman v. Giddey, 30 Mich. 151; Russell v. Lennen, 39 Wis. 570; Fick v. Mulholland, 48 Wis. 413; Thompson on Horn. & Ex. § 211, et seq.

Judgment affirmed.