Kidder, J.
This action was brought by Clark E. Bates against Henry Callender, as sheriff of Minnehaha county, for the wrongful detention and conversion of personal property, claimed by the plaintiff as exempt. The cause of action is predicated upon section 324, Code of Civil Procedure, providing for the exemption of *257 personal property, not to exceed $1,500 in value, to be selected and appraised as prescribed in sections 326 to 331 inclusive.
The answer seeks to justify by virtue of a warrant of attachment issued from the District Court, in an action by the City Banh of Minneapolis, against the plaintiff and one Charles Bates, alleging that the defendants in that action were shortly before the levy co-partners, under the name of C. Bates & Son; that said action was founded upon certain notes of the firm, and that the property seized was the property of said firm, and not the property qf the plaintiff; and further alleging, that after the levy the defendants therein agreed to a partnership appraisement; that they detained from the appraisers other property and refused to have all their property appraised.
As a further defense the answer alleged that shortly before the levy, the plaintiff and said Charles Bates, as co-partners, being insolvent sold and disposed of a portion of their property, dissolved the firm and made a division between themselves of the residue of their property, with intent to defraud their creditors, and that the property in question was in part the property so divided. The trial resulted in a verdict and judgment in favor of the plaintiff for $1,500.
The firm of Bates & Son was dissolved on October 21st, 1879, and a formal notice of dissolution, published in one of the local newspapers for three weeks, ending on November 5th, 1879, prior to the commencement of the action in which the attachment was issued; and that upon the dissolution and settlement the plaintiff, by agreement with his partner, received as his individual property $500 or $600 in money, and a team, harness and wagon. With this money the plaintiff purchased the two loads of provisions, which, with the wagon, were the property in question.
The evidence also tended to show that at the time of such disso *258 lution. said firm was indebted to various creditors, and was insolvent.
On the same day the property was attached, the plaintiff caused to be served on the defendant, as sheriff, a claim in writing for his exemptions, demanding also the return of said property. Two days later an appraisement was had rrnder the statute, and the proceedings therein,.as-shown by the record, are entitled in the action wherein the warrant of attachment was issued. These proceedings appear to have been taken in substantial compliance with the statute:
(1.) There is first a notice on behalf of the plaintiff, bank, returned served by the sheriff on Clark E. Bates, by delivering to him a copy thereof, on November 13th, 1879.
(2.) Also an oath of three appraisers, described as disinterested -citizens of the county, reciting that one of them was selected by the defendants — one by the plaintiff and the other by those two persons, and taken and subscribed before the sheriff on the same day, to the effeet that they would truly, honestly and impartially appraise the property of said debtors.
(3.) And lastly a return, signed by the sheriff and appraisers, with an inventory annexed, in which they certify that the inventory is a true one of all the property seized by the sheriff in the action, and the value of each article of personal property as the same has been appraised by us.
In the inventory, the items identified as the property in question, are set down (on page one) as follows:
One old lumber wagon,....................$ 25 00
One set of new harness,.................... 25 00
Contents of two loaded wagons,............. 236 00
The evidence also tends to show that after the appraisement was completed, several further requests were made on behalf of t'he plaintiff for the return of the property, and some assurances given *259 by the sheriff that it would be returned. Finally upon receiving an indemnifying bond he decided to hold the property.
I. Before considering the exceptions chiefly relied on by the appellant, we will examine the assignments of error, relating to the ownership of the property in question, and the appraisement of the same. Upon both these points the question was one of fact for the jury, and appears to have been fully submitted to their determination.
It has become well settled in the States, where statutory provisions for a partnership exemption do not exist, that an individual cannot claim an exemption out of unsevered partnership property: Bonsal v. Comly, 44 Pa. St., 442; Pond v. Kimball, 101 Mass., 105; Gaylord v. Imhoff, 26 Ohio St., 317; Russell v. Lannon, 39 Wis.; Guptil v. McFee, 9 Kan., 30; State v. Spencer, 64 Mo., 355. To the same effect are the Tennessee and Nebraska cases cited by appellant’s counsel from the American Eeports.
And although the statute of this territory expressly allows one partnership exemption out of partnership property, there is nothing in the statute indicating an intention to allow a several exemption out of partnership property; and indeed the language would seem to exclude such a construction: “A partnership firm can claim but one exemption of fifteen hundred dollars in value * * * out of the partnership property, and not a several exemption for each partner:” Sec. 333. Therefore the question of fact was involved in this action, whether the property, when taken, was the property of the plaintiff or the property of the late firm of C. Bates & Son. But this precise question was fully submitted to the jury, under an instruction requested by the defendant, (number two-given), that if the jury should find from the evidence that the property was at the time of the levy partnership property of the firm of C. Bates & Son, or was purchased with the money of said *260 firm, * * * then the plaintiff cannot recover. And in a subsequent portion of the charge the Court bases the right of recovery upon a finding by the jury that the plaintiff was at the time of the levy the actual bona fide owner of the property. Thus submitted, the verdict of the jury must be conclusive on this question. And the record presents abundant evidence to support the verdict in this respect.
Concerning the appraisement of the property we reach the same conclusion. The evidence is very slight, if indeed there is any, tending to show a partnership appraisement as claimed by appellant. The record evidence discloses nothing tending to show such an appraisement. The action in which the attachment was issued being founded upon an indebtedness, for which the plaintiff was liable, jointly and severally, with his late partner, was necessarily against both as defendants, but this did not continue or renew their former partnership relations. . Nor did the fact that other property, claimed by his co-defendant, was taken upon the same warrant, and appraised by the same appraisers, determine the appraisement to be a partnership appraisement, especially in view of all the uther evidence in the case. The defendant says in his direct testimony, that after some talk “ an appraisement was made as partnership property that I made return on.” But an examination of his return does not show any appraisement as partnership property. And his remark must be taken in connection with his admissions on the stand, that the plaintiff did not interfere or take any part in the appraisement, but stood by “ claiming a separate exemption.” Moreover the statute provides that such an appraisement must be made “ under the di/i'eetion of the sheriff or other officer:” Sec. 326.
But upon all the evidence on this subject the question was submitted to the jury, and in the same instruction above referred to, given at the request of the defendant, the jury were plainly in *261 structed that if tbe firm of O. Bates & Son claimed tlie property, and offered to have or did have the same appraised as partnership property, then the plaintiff could not recover in this action. On this issue, therefore, if the evidence tends to show -any partnership appraisement the verdict of the jury is decisive against the defendant.
II. The principal contention, however, on the part of the appellant .rises upon the refus'd of the Court below to instruct the jury as requested, respecting the right of the firm of Bates & Son ■as again-1 their creditors to dissolve and apportion their partnership property, and the right of the plaintiff to acquire in severalty portions of such property.
The proposition is thus stated in defendant’s third request, refused by the Court: “ If it should appear to you from the evi- <£ dence that the firm of Bates & Son were insolvent at the time of <£ their alleged dissolution of partnership, then they had no right to <£ make such dissolution, and a division of their partnership prop- <£ erty as against firm creditors thus made, is void; and all such ££ property must remain as partnership property subject to the <£ rights of firm creditors, except that the partnership might claim <£ one exemption of $1,500 in value out of said property; and if it ££ should appear to you from the evidence that this plaintiff as an ££ individual makes a claim of exemption in property, which had ££ been the property of Bates & Son, and was divided up by the ££ partners just prior to the levy, * * * then such claim can- “ not be maintained, if said firm was insolvent as above stated.”
This proposition was reiterated in the other requests refused, and presents the question for our decision. Whether this statement of the law can be maintained in its full import in a case where creditors have obtained by legal remedies a lien upon partnership property, or where it is within the control of a court of equity, or a probate or bankruptcy court, for due application or *262 distribution, we do not now decide. It will be observed that the-proposition advanced is not based upon actual fraud, but would Iiave the court declare the dissolution of a firm and the division of its effects when insolvent, a legal or constructive fraud.
But we are clearly of the opinion that such a doctrine has no-just application in a ease involving a debtor’s right to his lawful, exemptions out of his individual property, although it may formerly have belonged to a partnership of which he was a member. In tbe case of Worman v. Giddy, 30 Mich., 151, the proposition is squarely decided against the appellant. The facts in the case-are strikingly similar to those in the one at bar, and Graves, O. J.,. in the opinion says: “Until legal proceedings, adapted to hind “ the property, were had, the owners were not p-eclnded from re- “ ducing their joint holding to separate ones; and the evidence for “ the plaintiff went to show that the joint interest was severed, and! “ the whole right in these goods vested in the plaintiff, not only “ before the seizure on the execution, but previous to the com- “ mencement of the suit. The fact that the property had been “ some time before held by tbe plaintiff and Penrose as partner- “ ship property, was of no consequence in so far as tbe right of “ exemption was concerned. That circumstance could not have “ tbe effect- to impress upon tbe property a permanent quality or “ character by wbieh it would continue forever subject to be treated “ as firm property. By the division the plaintiff became separate- “ owner prior to the suit brought by Licbtenberg & Sons, and bis. “, right to bold under the exemption laws was not made abortive- “ by reason that the property came to him from the- firm, and was- “ taken by defendant on a debt of the firm.”
In a late case in the Supreme Court of Ohio, Mortley v. Flanagan, just reported but not published, I find in the opinion the following: “ Where the members of a firm acting in good faith, “ dissolve the partnership, and one member sells his interest in- *263 •5< tbe partnership property to the other, the latter will not be de- •“ prived of the right to hold sueh property exempt from the pay-u meat of .a debt theretofore asserted against him, on the ground •!£ that such debt was a partnership debt due at the time of the ■££ dissolution; nor will the fact that the partners knew the firm to •££ be insolvent at the time «of such dissolution, make any difference.” 'The case in the 30 Michigan supra is cited therein with approval.
There are certain well defined principles of law which entirely support the authority of this case. A partnership is, in law, one person, and has the same control and dominion over its affairs as any other person. And the law knows no way to prevent the dis.solution of a co-partnership. And until firm creditors- have acquired a lien upon partnership property, or it has passed into ■ custodia legis, the law knows no way to prevent the disposition of -the same by the firm itself.
Case v. Beauregard, 99 U. S., 119: In ’this case the court say: •££ So if before the interposition of the court is asked the property •££ has ceased to belong to the partnership, if by a bonajide transfer •££ it has become the several property either of one partner or of a third person, the equities of the partners --are extinguished, and ■“ consequently the derivative equities <of the creditors are at an ■<£ end. It is, therefore, always e .sential to any preferential right of the creditors that there shall be property owned by the part- •<£ nership when the -claim for preference is sought to he enforced.” Citing many cases. ’
Day v. Wetherby, 29 Wis., 363; Atkins v. Saxton, 77 N.Y., 195: In the latter case it is held that a division of partnership property, and a transfer by one of the partners to the other, in proportion to their several interests, for the purpose of preventing the seizure thereof by the individual creditors of the insolvent partner, is not unlawful; and that an intent to defraud creditors cannot be predicated of an equitable division of partnership prop *264 erty. From these general principles, decided in analogous cases? we come to the precise question in this case: Is it the reasonable doctrine of the law that the mere dissolution of an insolvent firm, and the division of its assets, accomplished without actual fraud, even though it be done for the purpose of securing to the members of the firm the benefit of individual exemptions, would amount to such a legal or constructive fraud a: to deprive the debtors of such exemptions? We think such is not the legal result. Exemption laws are beneficial in their character, are intended for the benefit of the debtor class and their families, and should be fairly and liberally construed: Wilcox v. Hawley, 31 N. Y., 648; Newton v. Howe, 29 Wis., 531; Kuntz v. Kinney, 33 Wis., 570; Rosenthal v. Scott, 41 Mich., 632; O'Donnell v. Segar, 25 Mich., 367.
And within the terms and limit >f an exemption law, any acquisition of property, or exchange of property into property which is exempt, is entirely lawful. See the case in 25 Michigan, above cited. And within the same principle, exempt property is not. susceptible of a fraudulent alienation or disposition: Bump on Fraudulent Conveyances, 242, and many cases cited; Derby v. Weyrich, 8 Neb., 174; Pike v. Miles, 23 Wis., 164; Wilcox v. Hawley, 31 N. Y., supra.
Upon the authority of Worman v. Giddy, supra, and the cases now referred to, and. considering the character and object of exemption laws, we are led to the conclusion that the District Court did not err in refusing the defendant’s- requests, and in charging the jury that the members of the firm of Bates and Son had a legal right upon a dissolution of the partnership, “ to divide and apportion this property, and acquire each a specific portion thereof in severalty as his own separate property;” and if they should “ find “ from the evidence that the plaintiff did in fact acquire a portion “ of the property in.question about October, 1879, from said firm *265 ■“ by agreement with his co-partner in consideration of certain 4£ other property retained by him out of the partnership property, “ and thereby became and was at the time of the levy the actual iC bona fide owner thereof, then his ownership and title as to such portion cannot be impaired by the fact that it may have formerly ££ belonged to said firm.”
The second request refused was also inappropriate, in assuming that a partnership exemption was claimed in this case, and in asking an instruction beyond the case, regarding the rights and duties of a partnership under the exemption law.
IIL In the same request this instruction was requested: u If il the debtors kept back, detained or concealed their personal prop- ££ erty, or arvypcw't thereof \ so that it could not be appraised, then 11 they are not entitled to the benefit of the exemption law, and 4t their claim to the property taken on the writ of attachment by ££ the officer may be disregarded.”
This request is objectionable in referring to the alleged acts or conduct of ££ the debtors.” meaning, we suppose, the defendants in the attachment, and not to any acts or conduct of the plaintiff himself. Nor are we able to find in this record any evidence that the plaintiff detained or concealed any of his property.
But as the learned counsel for appellant have, in argument, insisted upon the proposition intended by the request, we will briefly consider the same. Ve are aware that in some of the decisions expressions of opinion are to be found which would- seem to countenance the doctrine contended for by counsel. The assertion is that any detention or concealment of personal property by a debtor, so as to hinder or defeat a levy, or an appraisement by the proper officer, is in effect a selection of such property, and as to other property, to that extent, operates as a waiver of the benefit of the statute. Such a result might follow under a statute or system of *266 laws, making' a writ a lien generally upon all the debtor's personal' property, within the jurisdiction of the officer, or making it the-duty of the debtor, when demanded by the officer, to surrender property in satisfaction of the writ.
But such- is not the effect of our statutes on the subject. Our statute concerning- the execution and levy of the- same expressly declares that “no writ of execution shall be a lien on personal property before- the actual levy thereof:” Sec. 317'. The same section allows the officer, after having made one levy, at any time thereafter; within the life time of the execution, to make other levies, if he deems it necessary. The same must be true in the ease of the levy of an attachment. In the execution of such a wan-ant the officer is required to “ seize ” md' “ take Into his custody ” the personal property of the debtor: Secs. 202, 204. I» all cases the officer Is specifically authorized to- levy upon any and all goods, chattels, moneys, and other property, both real and personal, not exempt by law; and is directed by the statute, in detail, as to the method and manner of levy and sale. But we find no-provision of the statute making legal process in any form a lien on personal property, before the actual levy thereof, or making it the duty of the debtor to seek out the officer, and surrender to him property on such process.
In order to protect the debtor In his exemptions, however, the-statute provides: “ In all cases of a levy upon personal property “ by a sheriff, constable, or other offieer, he must give notice “ thereof to the debtor, (or to certain persons named for him), and “ the debtor, or such other person for him, must claim or demand “ the benefit of these exemptions within three days after such no- “ tice from the officer; and said notice of levy may be by copy or “ by reading:” Sec. 331.
As therefore all property, not absolutely exempt, is under our law prima facie subject to levy, and the authority of the officer is *267 ample, and Ills duties plainly marked out, this' court must hold that the debtor has no duty to perform, in the surrender of property upon legal process, until actual levy; and in the assertion of his exemptions against such process, has no part to perform, until he receives notice of the levy, as required by the statute. And inasmuch as the appraisement provided for in the exemption law is only for the purpose of determining the valuation of the property, and to enable the debtor to select his exempt property, within the limitation in value, and must necessarily succeed the levy and notice of levy, we cannot hold that the debtor should anticipate the levy, or do any act to extend, the levy; nor that the appraisement should extend to property not in the custody of the officer. The officer may make new levies, extend the levy from time to time over sufficient property to satisfy the writ; but until a levy there is no occasion and no foundation for appraisement proceedings to determine the limitation in vahie under the exemption law.
In view of our statute law, therefore, this request, which in effect required the Court to advise the jury, that the mere detaining, or concealing by a debtor, of any part of his personal property, not levied upon, or in the custody of the officer, so that it could not be appraised, would in law deprive Mm of the benefit of his exemptions, was incorrect and properly refused by the court below.
Whether actual obstruction of the levy, or concealment of property to prevent a, levy, might in any case operate as a selection by the debtor, under the exemption law, we do not decide. But we hold that a levy, and a notice thereof, must precede the claim for exemption, as well as the appraisement which is to carry out this claim for exemptions, and that the request was erroneous.
That the concealment of property from the officer is no defense against a claim for exemption, is distinctly held in Megehe v. Draper, 21 Mo., 510; and Elder v. Williams, 16 Nev., 416.
*268 IT. As to the.assignment of error in reference to the amount, of damages, there is no error for review by an appellate court. It is conceded that the recovery was several hundred dollars more than the actual damages proved, but no exception appears to the charge of the Court on the question of damages, except as to the valuation of the appraisers, not being the measure of damages, and; tMs was not referred to on the argument. The instruction however on this question was proper, and it is so held concerning an appraiser’s valuation under a similar statute in Iowa: Flcmnigcm
.Wheeler, 3 N. W. Rep., 381, and our statute provides that the appraisement for exemption purposes must be made a at the usual price of such, articles at sheriff’s sale, as near as can be ascertained:” Sec. 328. This is manifestly an improper measure of value in an action for conversion.
There being no» valid objection, then,to the charge of the Court on the question of damages, the amount of the recovery was entirely with the jury. There was evidence of hardship upon the plaintiff, and evidence from which malice and oppression on. the part of the defendant, under the color of authority, and misconduct in office, may have been inferred by the jury, for which under the charge of the Court, exemplary damages may have been given.
No error appearing in the record, the judgment of the eourt. below is,
Affirm kd.
All the Justices concurring.