HAMILL & CO. v. HENRY ET AL.

1. **Husband and Wife**: EARNINGS OF WIFE: TITLE TO PROPERTY PUR-
CHASED WITH. Where a wife living with her husband has no separate
property or business, whatever she may earn, in connection with her
husband's property, by keeping boarders, selling butter, milk, etc.,
belongs to her husband, and she cannot hold property bought with such
earnings exempt from her husband's debts.

2. ———: HOMESTEAD IN WIFE: PAYMENT OF INTEREST, TAXES, ETC., BY
HUSBAND: NO CLAIM ON WIFE FOR. A husband who occupies with his
family a homestead owned by his wife may pay taxes and interest on
incumbrances thereon, as well as expenditures for repairs, in the same
way that he makes other expenditures for the support of his family,
without becoming his wife's creditor, and without securing in the prop-
erty an interest which might be sold for the satisfaction of his creditors.

3. ———: ———: CONTRIBUTION OF PURCHASE-MONEY BY HUSBAND:
LIABILITY FOR HIS DEBTS. Where a husband contributes a portion of
the purchase-money for a homestead purchased by his wife, it is liable
to his creditors for debts which he owed prior to the purchase, to the
extent of the purchase-money contributed by him;—following *Croup v.
Morton*, 49 Iowa, 16. BECK, J., not concurring.

*Appeal from Madison Circuit Court.*

FRIDAY, APRIL 23, 1886.

ACTION in chancery to subject certain real estate, the title
whereof is in a wife, to a judgment against her husband.
The plaintiff's petition was dismissed by the circuit court,
after trial upon the merits. They now appeal to this court.

*John Leonard & Son*, for appellants.

*T. C. Gilpin*, for appellees.

BECK, J.—I. The petition shows that plaintiff, in 1875,
recovered judgment against defendant, W. C. Henry, for
$196.67, and $7.70 costs, whereon execution has been issued
and returned unsatisfied; that, after the indebtedness for

which the judgment was rendered was contracted, the defendant therein purchased a lot in the city of Winterset, and caused the title to be conveyed to his wife, a co-defendant in this action, Sarah E. Henry, with the purpose, on the part of both, to hinder and defeat the collection of plaintiffs' judgment, and that the lot and the improvements thereon were paid for by the husband with his own money. The defendants in their answer allege, in effect, that the lot is occupied as their homestead, and was partly purchased and improved with the proceeds realized from the sale of a prior homestead, and the balance of the money used in the purchase and improvements of the property was the earnings of the wife, and the gift from her parents, except $500, which was borrowed by her, and remains unpaid.

II. The facts disclosed by the evidence, briefly stated, were as follows: No part of the money used in the purchase and improvement of the property was of the avails of the prior homestead. It was purchased for $675, and no more than $75 paid at the time of the purchase, the balance being paid in installments. The wife purchased the property and made the cash payment, and the deed was made to her. Her husband had failed in business, and had sold his homestead to satisfy his creditors, or sureties in some of his transactions. In the settlement of his affairs her husband had given two notes, one for $105, and the other for $297. These came into the hands of her father and mother, and were given to her by them. She realized $100 on the smaller of the two notes. This sum, with the other note, was all the separate property owned by the wife. The proceeds of these notes were devoted to payments upon the purchase of the property, and payments for the improvements thereon. These improvements cost $854. The purchase price of the lot was $675; the property thus costing $1,529. The wife paid the amount realized on the notes given her by her parents, $397, and the $500 borrowed by her. The total amount she paid was $897. The balance of the pay-

ments made upon the property we find was paid by the husband, and probably a portion of it was from the earnings of the wife in keeping boarders in the family, selling butter and milk, and the like. But she had no separate property or business, and whatever she earned was in connection with her husband's property in the management of the family affairs. It cannot be doubted that she cannot regard these earnings as her separate property, and claim that she is to be credited therefor as for her own money paid for the purchase or improvement of the homestead. These earnings so paid must be regarded as paid by the husband.

1. HUSBAND and wife: earnings of wife: title to property purchased with.

III. Counsel for plaintiff add to the cost of the property various sums paid for taxes and interest, claiming that the husband paid them, thus considerably increasing his interest in the property held by the wife. In our opinion, this is not allowable. It appears to us that taxes and interest paid after the purchase of the property cannot be regarded as a part of the purchase price; and we think that a husband who occupies with his family a homestead owned by his wife may pay taxes and interest on incumbrances thereon, as well as expenditures for repairs, without becoming a creditor of the wife. The law will not regard these payments as advances to the wife for which she or her property may be made liable, but rather for the support of the family, for which the husband and wife are equally liable. It is obvious that, if the husband could have no claim for such advances, his creditors can have none.

2. ——: homestead in wife: payment of interest, taxes, etc., by husband: no claim on wife for.

IV. We cannot find from the evidence that any part of the proceeds of prior homesteads was invested in the property involved in this action. The husband's interest in the property is as $732, the amount he paid therefor, is to $1,529, the cost of it. The wife's interest is as $897, paid by her, is to $1,529, the cost of the property. The husband's interest

3. ——: ——: contribution of purchase-money by husband: liability for his debts.

must be held subject to plaintiff's judgment. The doctrines upon which our conclusions are based have been recognized and adopted by a majority of this court in *Croup v. Morton*, 49 Iowa, 16; which we now follow. I am not now prepared to give assent to these doctrines, but entertain the same views I expressed in my dissenting opinion found with the first-named decision. The facts of this case distinguish it from *Benham v. Chamberlain*, 39 Iowa, 358, *Lay v. Templeton*, 59 Id., 684, and other cases cited by counsel.

V. The holders of the mortgages executed to secure the money borrowed by the wife intervened in the cause in the court below. But no reference is made to their intervention in the decree. Nor do we find any evidence in the abstract in their behalf, and they made no appearance in this court. Their claims are not in a condition for adjudication upon this appeal. No explanation of the condition of the record as to these interventions is made. In view of these facts, their petition of intervention will be dismissed without prejudice to further proceedings or actions to enforce their claims.

A decree will be entered declaring the interest of the husband as above settled, and providing that it shall be subject to plaintiff's judgment, and proper provisions will be made for enforcing the judgment against that interest. Such decree may be had in this court; or, at plaintiff's option, the cause will be remanded to the circuit court for a decree in harmony with this opinion.

REVERSED.