## F. D. WILSON *et al.* V. JANE TAYLOR.

HOMESTEAD — *Conveyance* — *Fraud* — *Title.* A conveyance of a homestead or other exempt property, even though made with intent to defraud creditors, vests the title thereof in the grantee, and does not become subject to the lien of a judgment previously obtained by a creditor of the grantor.

*Error from Barton District Court.*

THE opinion states the facts.

*Maher & Osmond,* for plaintiffs in error:

From a review of the testimony, it appears that the trial court cut off all inquiry respecting what both the plaintiff

and her father had said as to the means they intended to employ to defeat McBride's claim. The declaration of the father while still in possession of the property as to what he intended to do, like declarations made by the father in the presence of the plaintiff, and the declarations of the plaintiff herself, were treated as incompetent, irrelevant, and immaterial. Perhaps it was thought that because the land, and probably the personal property, was exempt from execution, that it was none of McBride's business what motive the parties had in transferring it. But this levy was not made on that property, and it is not contended that the property conveyed was not exempt. The contention is, that the property conveyed belongs to the father as fully as it ever did, and while it may be exempt, the issue from it is not.

McBride had a right to prove such a state of facts from which it might fairly be inferred that this transfer was merely colorable; and surely the declarations of the father and the plaintiff as to what they are going to do, and why they are going to do it, were relevant to prove the claim put forth by McBride. If so, it was material error in the court to reject this evidence.

*Diffenbacher & Banta,* for defendant in error:

The record of the case will not disclose the fact that at the time of the conveyance complained of, the case of E. McBride against A. G. Taylor was pending. But even though that suit was then pending, said conveyance (same being a transfer of the homestead of A. G. Taylor) was not a fraud against McBride, under his claim in this case, and none of the alleged errors of plaintiffs in error as to the ruling of the trial court are well taken. See *Hixon v. George,* 18 Kas. 253; Bish. Contr. (enlarged ed.), §1207; 72 N. C. 115; 60 Miss. 1025; 44 Iowa, 613; 28 Ohio St. 61; 59 Miss. 80.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below to recover the possession of certain wheat, of the value of $400,

brought by Jane Taylor against F. D. Wilson, sheriff of Barton county, and E. McBride, a creditor of A. G. Taylor, father of Jane Taylor. Jane Taylor claims to own the wheat described in her petition, which F. D. Wilson, as sheriff, had levied upon under an execution in favor of McBride, upon a judgment against her father, A. G. Taylor. The wheat was grown on the southwest quarter of section 28, in township 19 south, of range 14 west, in Barton county. This land was deeded to Jane Taylor by A. G. Taylor on the 8th of July, 1887. The wheat was sown in the fall of 1887 and the spring of 1888, and harvested in the summer of 1888. The case was tried before the court with a jury. The verdict was in favor of Jane Taylor, for $403.30, and judgment entered accordingly. The defendants below excepted, and bring the case here.

It is claimed that the trial court refused to permit testimony concerning what Jane Taylor and her father had said as to the means they intended to employ to defeat McBride's judgment against A. G. Taylor. The instructions of the trial court were not excepted to, and it appears from the instructions that the land deeded to Jane Taylor by her father, A. G. Taylor, was a homestead. If the land was a homestead, A. G. Taylor could have made a valid conveyance of it without consideration, and Jane Taylor, the grantee, could hold it free from any claim of her father's creditors.

It is no fraud on a creditor for the debtor to deal as he will with property which the law exempts from attachment or seizure for the debt. (*Hixon v. George*, 18 Kas. 253, and cases cited; Bish. Contr., § 1207; *Delashmut v. Trau*, 44 Ohio, 613.)

If the property was a homestead or exempt, the questions ruled out by the trial court were wholly immaterial. If Jane Taylor owned the land deeded to her by her father, it is clearly evident from the testimony that she owned the wheat and other crops grown thereon. The wheat in dispute was not sown until long after the 8th of July, 1887, the date of the deed. The statements of A. G. Taylor and Jane Taylor, offered in evidence, were made before the conveyance of the

land to Jane Taylor, and while the action of McBride against A. G. Taylor was pending; therefore they did not concern the subject-matter in this action, and also for that reason were immaterial.

Perceiving no material error in the case, the judgment of the trial court will be affirmed.

All the Justices concurring.

