M. D. WELLS & COMPANY, Appellants, v. C. G. ANDERSON AND EMMA D. ANDERSON.

**Fraudulent Conveyance: HOMESTEAD.** Creditors of an insolvent husband, are not entitled to subject the homestead to the payment of their debts, to the extent of a mortgage thereon, paid by him, where the money borrowed on such mortgage, was used by him in his business, and not to improve the homestead or to pay a debt made in its acquisition

*Appeal from Lyon District Court.*—HON. A. VAN WAGENEN, Judge.

TUESDAY, FEBRUARY 4, 1896,

THE defendants are husband and wife. The wife is the owner of a homestead. The plaintiffs in this action are creditors of the husband, and they seek to subject the homestead, to the extent of two thousand dollars and interest, to the payment of the husband's debts. There were several cases of other creditors, involving the same questions, and all of them were consolidated and tried at the same time in the district court, and they are all presented on one record in this court. The district court denied the relief prayed for in the several petitions, and the plaintiffs appeal.—*Affirmed.*

*McMillen & Dunlap* for appellants.

*E. Y. Greenleaf* for appellees.

ROTHROCK, C. J.—The defendant, C. G. Anderson, was, for several years, engaged in the retail dry-goods business, at Rock Rapids, in Lyon county. On the sixth day of January, 1892, he made a general assignment of all his property, for the benefit of all of his creditors, without preference. He commenced the business in the year 1884, or thereabouts. The plaintiffs are wholesale merchants, and in the year 1891, they sold goods on credit to Anderson. They claim that Anderson obtained credit for the goods, by fraudulent representations as to his ability to pay for them. And the evidence shows that when he made the assignment, he was indebted for goods purchased, in an amount far exceeding the value of the property then owned by him. We do not think it is necessary to state further facts in relation to the manner in which he obtained credit, nor as to the cause of his failure in business, for the reason, that we believe that the rights of the parties must be determined upon the facts connected with the ownership of the homestead.

It appears that the homestead was acquired in the year 1884. It was paid for with the money of the husband, and the title was held in his name. The family, consisting of the husband, wife, and minor children, have occupied the homestead from the time it was acquired, until the trial of the cases in the court below. It was incumbered until some time before the failure of the husband, when he borrowed the sum of two thousand dollars, from a brother-in-law, named Dunlap. It does not clearly appear when he borrowed this money. There is evidence tending to show that it was several years before he made the assignment. After this transaction, and on the twentieth day of July, 1891, Anderson conveyed the homestead to his wife. And after that time the husband and wife joined in a mortgage on the homestead, to secure the payment of the debt to Dunlap. On the twenty-first day of October, 1891, Anderson paid one thousand dollars of the debt secured by the mortgage, and in November, following, he paid the balance due to Dunlap. The money borrowed of Dunlap, was used by Anderson in his business, and it was paid from money drawn out of the business. It does not appear that Anderson had any other source from which to pay his debts. And there is no claim that the money was borrowed to purchase or improve the homestead, or to pay a debt incurred in its acquisition. Under this state of facts, no interest in, or part of the value of the homestead, is liable for the husband's debts. The conveyance of the homestead, by the husband to the wife, was no fraud upon the creditors, because it was not liable for their claims; and the payment by the husband of a debt due to one of his creditors, before he made an assignment, was nothing more than the payment of a just obligation, and we can discover no reason why the other creditors should complain. Appellants' contention is that the homestead

should have been subjected to their claims, under the decisions of this court in the cases of *Croup v. Morton*, 49 Iowa, 16; *Croup v. Morton*, 53 Iowa, 599 (5 N. W. Rep. 1093); and *Hamill v. Henry*, 69 Iowa, 752 (28 N. W. Rep. 32). In Croup's Case it was held that a homestead held in the name of the wife, to the purchase and improvement of which the hus band has contributed, may, to the extent of his contributions, be subjected to the payment of his debts contracted prior to its purchase, and the case of *Hamill v. Henry* is to the same effect. The distinction between the case at bar, and the cited cases, is so obvious that discussion cannot make it plainer. The statement of the above facts is sufficient. The payment of a just debt by the husband — the debt being in no way connected with the acquisition of the home-stead, and having no connection with the homestead, except that it was mortgaged to secure the debt — cannot be held to allow other creditors to put themselves in the place of the mortgagee. The case demands no further consideration, and the decree of the district court is AFFIRMED.