COMMERCIAL STATE BANK OF SALEM v. KENDALL, et al.

Where the transfer of a homestead by the husband to the wife was not for the purpose of defrauding creditors in case of future abandonment, the conveyance was not rendered fraudulent by the fact that thereafter the husband, went elsewhere, and, after filing on a government homestead, was joined by his family.

(Opinion filed, January 10, 1906.)

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Action by the Commercial State Bank of Salem against Ponsonby Kendall and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Hosmer H. Keith* and *W. R. Holly*, for appellant. *A. C. Biernatzki*, for respondents.

FULLER, P. J. This appeal is from a judgment for defendants in an action to set aside a warranty deed of the homestead from a husband to his wife, on the ground that such conveyance was made to defraud plaintiff, a creditor of the grantor, and the material facts established by the evidence, and found by the trial court, may be briefly stated as follows: In the year 1898 the premises in question, consisting of a house and two lots in the city of Salem, now worth $1,600, were purchased by the defendant Ponsonby Kendall, and had been continuously occupied as the homestead of himself and family for more than five years prior to January 18, 1904, when he conveyed the same to his wife, Mary M. Kendall, for the purpose of vesting in her an absolute fee-simple title, and without any intention to defraud his creditors.

In view of the undisputed evidence plainly showing that the transfer of this homestead to the wife was not colorable, nor for

the purpose of enabling the husband to withhold the same from his creditors in case of future abandonment, such conveyance was not rendered fraudulent by the fact that he soon afterwards left his wife and children in the occupancy of the premises, and went to a remote county to engage in the practice of his profession, and, after filing on a government homestead, was joined by his family several months later. The facts disclosed by this record fall far short of bringing the case within the doctrine announced in Kettleschlager v. Ferrick, 12 S. D. 455, 81, N. W. 889, 76 Am. St. Rep. 623, where an action was pending against the grantor when he executed a deed to his wife pursuant to a confessedly secret agreement between the parties thereto that she was to hold the naked title for his exclusive benefit, so that they might defeat the claims of all existing and subsequent creditors after the premises had ceased to be impressed with the homestead character. According to the intention of both parties to that transaction, the property abandoned as a homestead still belonged to Ferrick, notwithstanding the subterfuge, and in recognition of the axiom that creditors are never injured by the transfer of exempt property we say in the opinion: "True it is, as a general rule, that creditors are not injured by the conveyance of the homestead without consideration; but when the transfer is such that the property has not ceased to belong to the grantor, and the homestead right thereto has been abandoned, both by the grantor and grantee, and another homestead acquired by them independently of the former, the statutory exemption right,. thus fraudulently impressed with a secret trust, ceases to exist as to the premises first occupied, and a creditor made such by the wrongful acts of the parties to such deed has the right to interfere."

As fraud upon creditors cannot be predicated upon the disposition of the homestead, the husband had a right to vest the entire estate in his wife, and, such being his honest intention, a resulting trust in favor of plaintiff was not created by the conveyance. Bates v. Callender, 3 Dak. 256, 16 N. W. 506; First National Bank v. North, 2 S. D. 480, 51 N. W. 96; Noyes v. Belding, 5 S. D. 603, 59 N. W. 1069; Balz v. Nelson, 171 Mo. 682, 72 S. W. 527; Vaughan v. Thompson, 17 Ill. 78; Smith et al. v. Rumsey et al., 33 Mich. 183; Skinner v. Jennings, 137 Ala. 295, 34 South. 622;

Delashmut v. Trau et al., 44 Iowa, 613; Kvello v. Taylor, 5 N. D. 76, 63 N. W. 889; Taylor v. Duesterberg, 9 N. E. 907; Roark v. Bach et al., 76 S. W. 340; Bank of Bladen v. David et al., 74 N. W. 42; Keith v. Albrecht, 94 N. W. 677. The homestead of the debtor not being an asset susceptible of fraudulent transfer, it was not incumbent upon the defendants to refute the allegation that the deed was executed to hinder and delay plaintiff in the collection of its unsecured claim against the grantor for office rent; but their testimony admitted over objection was competent as tending to prove an antecedent and steadfast purpose to alienate the property by vesting an absolute title in the wife.

This conclusion being decisive of the case, the judgment appealed from is affirmed.