# NORA McKILLIP v. FARMERS' STATE BANK OF DES LACS, NORTH DAKOTA.

### (151 N. W. 287.)

**Deed — setting aside — on ground of fraud — proof — clear and convincing.**
    1. Where one seeks to set aside a deed on the ground of fraud, his proof must be clear and convincing.

**Conveyance — old man to daughter — consideration — care during old age — not necessity fraudulent.**
    2. A conveyance by an old and feeble man, of his homestead to his daughter

---

Note.—The question of the validity, as against creditors, of transfers of exempt property is treated in a note in 20 Am. Rep. 150.

in consideration of her caring for him in his old age, is not necessarily fraud-ulent.

**Exempt property — transfer of by debtor — not fraudulent — creditors.**
3. It is not a fraudulent act for a debtor to transfer to his wife or daughter exempt property to which his creditors could not have looked for the satisfaction of their claims.

Opinion filed February 16, 1915.

Appeal from the District Court of Ward County, *Leighton,* J.

Action to determine adverse claims to real estate. Judgment for Plaintiff. Defendant appeals.

Affirmed.

*Blaisdell, Murphy & Blaisdell,* for appellant.

There was constructive fraud in the transfer of the property in question. The failure of an honest grantee to place his deed of record is held to operate as an estoppel in favor of the creditors of the grantor. It is negligence, and constitutes constructive fraud. Smith v. Cleaver, 25 S. D. 351, 126 N. W. 589; Rev. Codes 1905, § 5294; Hopkins v. Joyce, 78 Wis. 443, 47 N. W. 722.

The defendant had a lien and could have maintained an independent action as plaintiff to enforce it. He has been brought into this action, and the court has power to do complete justice between the parties. The nullity of the transfer is not based on the absence of another remedy, but on its fraudulent character. Probert v. McDonald, 2 S. D. 495, 39 Am. St. Rep. 796, 51 N. W. 212; Carson v. Stevens, 40 Neb. 112, 42 Am. St. Rep. 661, 58 N. W. 845, 58 N. W. 845; David Adler & Sons Clothing Co. v. Hellman, 55 Neb. 266, 75 N. W. 877.

Anything out of the usual course of business is a sign of fraud. McCarvel v. Wood, 68 Minn. 104, 70 N. W. 871.

That the plaintiff does not testify or personally appear in this case is a sign, and raises the presumption of fraud. 20 Cyc. 450; Manhard Hardware Co. v. Rothschild, 121 Mich. 657, 80 N. W. 707; Probert v. McDonald, 2 S. D. 495, 39 Am. St. Rep. 796, 51 N. W. 212.

*Palda, Aaker & Greene* and *F. M. Oseth,* for respondent.

The doctrine of constructive fraud is not only analogous to, but is based upon, the doctrine of estoppel *in pais;* since it arises only

where, by the omission of a duty imposed by law upon one person, another has been actually and bona fide mislead to his prejudice. Rev. Codes 1905, § 5294; Smith v. Cleaver, 25 S. D. 351, 126 N. W. 589.

The presumption that services of a member of the family are gratuitous may be overcome by actions and appearance; it is entirely overcome and destroyed by a distinct agreement. Since a father may emancipate his minor child, it has been held, that if he so does, and enters into a bona fide contract with the child under such contract, such services are a sufficient consideration to support a conveyance by the father to the child as against the father's creditors.          20 Cyc. 532, 533, and cases cited.

The transfer in this case was of exempt property, and therefore not open to question by grantor's creditors. It was property to which the liens of creditors did not attach, and was beyond the reach of an execution. It was not possible to defraud creditors by transferring property to which they could not look for the collection of their claims. Olson v. O'Connor, 9 N. D. 504; Dalrymple v. Security Improv. Co. 11 N. D. 70, 88 N. W. 1033; Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77; Blake v. Boisjoli, 51 Minn. 296, 53 N. W. 637; Merchants' Nat. Bank v. Kopplin, 1 Kan. App. 599, 42 Pac. 263; White Sewing Machine Co. v. Wooster, 74 Am. St. Rep. 100 and note, 66 Ark. 382, 50 S. W. 1000; Note to Kettleschlager v. Ferrick, 76 Am. St. Rep. 626.

BRUCE, J.    This is an action to determine adverse claims to real estate. Its direct object is to have the lien of an attachment set aside. This attachment was issued in an action not against the plaintiff and respondent, but against her father and grantor, Thomas McKillip, and the question to be determined is the validity of the conveyance to his daughter, and whether the land on which the attachment was levied belonged to the father and debtor, Thomas McKillip, or to his daughter, the plaintiff and respondent herein.    The land was deeded to Nora McKillip, on the 15th day of March, 1910, and the attachment was levied on the 19th day of October, 1912.    The question is, Was or was not the deed of March 15, 1910, a valid deed?    In other words, was it issued for a good or valuable consideration, and was it free from actual or constructive fraud?    The trial court found that it was, and we are asked upon this appeal to reverse its findings.

The record shows that in 1909 the plaintiff and respondent's father

sold and indorsed to the defendant bank a certain promissory note for $350, which was executed in his favor by one T. W. Young; that on said note becoming due and on April 20, 1911, and a year and twenty-five days after the date of the execution of the deed herein in question, the said plaintiff's and respondent's father and the said T. W. Young executed and delivered to the said bank a new note for $302.44, and which note was given for the purpose of taking up the indebtedness still due on the prior note. The record shows that at the time of the giving of the second note the said McKillip had some $500 worth of personal property, which he disposed of in 1912, a year after the giving of the last note and some two months before the recording of the deed by his daughter, which was on the 1st day of June, 1912. The whole contention of defendant is that it had no knowledge whatever of the existence of the deed until shortly after it was recorded, and that had it known of the deed it would never have accepted the note but would have sued McKillip on the former note, in payment of which the note of April 20, 1911, was given, and would have levied on his personal property and collected its claim in full.

The burden of proof is, of course, upon the defendant and appellant to prove its allegation of fraud, and such proof must be clear and convincing. Englert v. Dale, 25 N. D. 587, 142 N. W. 169. We find no such proof in the record before us. The deed, it is true, was not recorded until the 1st day of June, 1912. The writ of attachment, however, was not issued until the 19th day of October, 1912, nor was the action in which it was issued begun until such date. At the time of the execution of the deed to his daughter, the liability of Thomas McKillip to the defendant, the Farmers' State Bank, was that of an indorser merely, and there appears to be nothing unusual in an old man deeding his homestead to his daughter, who has come to live with him and is taking care of him, even though he happens to be an indorser on a promissory note of $350 which he has sold to a bank, especially where he has some $500 worth of personal property which the record shows in this case to be the fact, and makes an agreement with his daughter for an interest in the crops for two years with which to take care of his possible indebtedness. There can be no doubt that the plaintiff, Nora McKillip, came from St. Paul to take care of her father, who appears to have been an old and feeble man and we are not prepared to

doubt his testimony that the deed was executed in consideration of the payment of a small sum of money and the agreement to care for and nurse him. Conveyances of this kind by no means lack in bona fides, and have been universally sustained even as against the father's creditors. See 20 Cyc. 532, 533, and cases cited; Stevens v. Meyers, 14 N. D. 398, 104 N. W. 529.

It may be true that after the execution of the deed and in April, 1912, the plaintiff's father disposed of his personal property, but what, may we ask, had the plaintiff to do with this? If she and her grantor were free from fraud or from fraudulent intent at the time of the original conveyance, and there was a valid consideration for such conveyance to her, the subsequent acts of her grantor are immaterial. The defendant, it is to be remembered, was her father's creditor, and not her own.

So, too, it is well to remember that the land was the homestead of the plaintiff's father, and did not exceed $3,500 in value. It was therefore exempt from execution under the provisions of § 5049 Rev. Codes 1905, § 5605, Compiled Laws of 1913. The courts have repeatedly held that it is not a fraudulent act for a debtor to transfer to his wife or daughter exempt property to which his creditors could not have looked for the satisfaction of their claims. "It was property," said this court, in the case of Olson v. O'Connor, 9 N. D. 504, 510, 81 Am. St. Rep. 595, 84 N. W. 359, "to which the lien of the judgment did not attach, and was beyond the reach of an execution issued thereon. It was not possible to defraud his creditors by transferring the title to his wife, for it was property to which they could not look for the collection of the claims. For these reasons, even in a proper case, the transfer was not subject to attack." See also Dalrymple v. Security Improv. Co. 11 N. D. 65–70, 88 N. W. 1033; Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77; Blake v. Boisjoli, 51 Minn. 296, 53 N. W. 637. "The homestead is something toward which the eye of the creditor need never be turned. It is an element which may never enter into his calculations in his efforts to collect his debt." Monroe v. May, 9 Kan. 476. "A debtor cannot commit a fraud upon his creditor by disposing of his homestead. A debtor in the disposition of his property can commit a fraud upon his creditor only by disposing of such of his property as the creditor has a legal right to look to for his pay." Hixon v. George, 18 Kan. 253. See also Wilson v. Taylor, 49 Kan. 774, 31

29 N. D.—35.

Pac. 697; Merchants' Nat. Bank v. Kopplin, 1 Kan. App. 599, 42 Pac. 263; Wells v. Anderson, 97 Iowa, 201, 59 Am. St. Rep. 409, 66 N. W. 102; White Sewing Mach. Co. v. Wooster, 66 Ark. 382, 74 Am. St. Rep. 100, 50 S. W. 1000.

The judgment of the District Court is affirmed.