SIMUNEK, Respondent, v. MILLAY et al, Appellants.

(195 N. W. 507.)

(File No. 5355. Opinion filed October 26, 1923.)

1. **Fraudulent Conveyances — Homestead — Exemptions — Equity in land Held Within Homestead Exemption and Not Subject to Fraudulent Conveyance.**

   Where land valued at $12,000 was shown to have been purchased for $9,000, the purchaser making a down payment of $1,000 and assuming a mortgage of $2,000, and where the purchaser's mother thereafter paid the installments on the purchase price, held, that the purchaser's equity at most did not exceed $4,000, and therefore, under Rev. Code 1919, Secs. 449, 2658, allowing a homestead exemption of $5,000, was not subject to attachment by creditor or capable of being transferred in fraud of creditors.

2. **Appeal and Error—Trial—Findings—Objection to Finding on Issue Not Raised by Pleadings Not Available on Appeal Where Evidence Not Objected To on That Ground Below.**

   Objection on appeal to a finding on an issue not raised by the pleadings, cannot be heard, where the record does not disclose any objection to the evidence on that ground.

Appeal from Circuit Court, Gregory County; HON. N. D. BURCH, Judge.

Action by Barbara Simunek against H. L. Millay and another to determine adverse claims to real estate. From judgment

for plaintiff and order denying new trial, defendants appeal. Affirmed.

*W. J. Hooper,* of Gregory, for Appellants.

*Buffington & Prchal* and *E. O. Patterson,* all of Dallas, for Respondent.

GATES, J.   One Jerry Simunek entered into a contract of purchase of a quarter section of land from one Langan at the price of $9,000; of which $1,000 was to be, and was, paid at that time; $6,000 to be paid in installments, and a mortgage of $2,000 thereon was assumed. In February, 1921, Jerry deeded the land to his mother, the plaintiff. As consideration therefor, she made a $1,000 payment on the contract. Shortly thereafter, the defendants, creditors of Jerry, attached the land and later secured a judgment of $505 against him. Plaintiff thereupon brought this action. The complaint is in the usual form of an action to determine adverse claims to real estate. Rev. Code 1919, § 2848. The defendants answered and by counterclaim asserted that the deed to plaintiff was fraudulent; that plaintiff paid no consideration therefor, but held the property in trust for her son. Plaintiff replied to the counterclaim by a general denial. The court made findings of fact and conclusions of law favorable to plaintiff. From the judgment and an order denying new trial defendants appeal.

Appellant's counsel thus closes his brief:

"We submit to the court that the transfer was either fraudulent as to the creditors of Jerry Simunek, or was intended as security only and the court should have adjudged that the defendant's judgment was a lien against this land; failing to do so, we submit that the judgment is erroneous and should be reversed."

The court did find that the conveyance was absolute. There was some evidence to sustain it, and there is not a clear preponderance of the evidence against such finding.

[1]   The evidence tended to show that all of the payments which were made on the Langan contract except the "down payment" were made by respondent, and that the value of the property at the time of the alleged fraudulent conveyance was $12,000. Since the installments on the contract with Langan together with the mortgage assumed amounted to $8,000, it is clear that at the

most Jerry's equity in the land was only $4,000. But such equity was within the statutory homestead exemption allowance of $5,000. Rev. Code 1919, §§ 449, 2658. Therefore such homestead interest was not the subject of fraudulent conveyance. Bates v. Callender, 3 Dak. 256, 16 N. W. 506; Commercial State Bank v. Kendall, 20 S. D. 314, 106 N. W. 53, 129 Am. St. Rep. 936; McKillip v. Farmers' St. Bank, 29 N. D. 541, 151 N. W. 287, Ann. Cas. 1917C, 993.

[2] But appellants complain of the finding that the property was Jerry's homestead because the pleadings did not put that question in issue. Suffice it to say that the record before us does not disclose any objection to the evidence on that ground. If objection had been made, no doubt the trial court would have permitted a suitable amendment to the pleadings to be made. This defect in the pleadings does not constitute a cause for reversal. Langford v. Issenhuth, 28 S. D. 451, 134 N. W. 889.

The judgment and order appealed from are affirmed.

Note.—Reported in 195 N. W. 507. See, Headnote (1), American Key-Numbered Digest, Fraudulent conveyances, Key-No. 52(1), 27 C. J. Sec. 66; Homesteads, Key-No. 96, 29 C. J. Secs. 102, 97; (2) Appeal and error, Key-No. 499(2), 4 C. J. Sec. 1653.