Shauck, J.
However conflicting the decisions elsewhere may be, it is settled in this state that “the members of an insolvent Arm are not entitled to the statutory exemptions out of partnership property after it has been seized in execution by partnership creditors, notwithstanding all the members join in demanding the exemptions.” Gaylord et al. v. Imhoff & Co., 26 Ohio St., 317. A.nd it is manifest that the vesting of the partnership property in an assignee for the benefit of creditors is the legal equivalent of its seizure in execution.
It is said, however, that a different rule should apply here because the relation of husband and wife existed between the members of the insolvent firm, the ownership of the property and the right to demand the exemption being alike joint. Section 5441, Revised Statutes, provides that “husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, residents of Ohio, and not the owner of a homestead, may in lieu thereof hold exempt from levy and sale real or personal property to be selected by such person, etc.” Husband and wife living together by the terms of this section constitute a family for whose'benefit the exemption is allowed, as do widowers, widows and unmarried women, under the conditions named. But there is no reason to suppose that the general assembly was undertaking to impart a joint character to the *145 right. Although a husband lives with his wife, he is the person upon whom is conferred the right of selection. The allowance provided for in this section is in lieu of the family homestead, which may be held exempt from sale under the provisions of section 5435, Revised Statutes, where husband and wife, living together, are also constituted a family for whose use the exemption is made; yet the right to demand.it is primarily that of the husband alone, the wife having no right to make the demand unless the husband fail or refuse to make it.
Nor is there anything in the legislation upon this subject showing an intention on the part of the general assembly to change the settled and familiar rule that homestead rights attach only to the individual property of the debtor, and that partnership property must, to the extent necessary, be devoted to the payment of partnership debts.
The facts found by the trial court show that when the goods were set off to the assignors upon their demand their right to the exemption was denied by counsel representing some of the creditors of the firm. In that situation it was the duty of the assignee to hold the property subject to the order of the probate court, which alone had original jurisdiction to determine the question of their right. In delivering the property without such order he acted at his peril, and the advice of counsel will not shield him from the consequences of a mistaken course.
Judgment of the circuit court reversed, and that of the common pleas affirmed.