RADFORD et v. KACHMAN

Ohio Appeals, 4th Dist., Athens Co.
Decided Oct. 15, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

610. HOMESTEAD—489. Exemption—112. Attachment—1. Exemption will be determined as of date when property is seized by constable under order of attachment.
2. Equitable title sufficient to support homestead.

Error to Common Pleas.
Judgment reversed.

C. R. Cline, Athens, for Radford et.
Woolley & Rowland, Athens, for Kachman.

STATEMENT OF FACTS.

Kachman, by his petition in the Common Pleas, sought to enjoin the defendants from selling, by order of attachment issued by a justice of the peace, certain property. He claimed that the attached property was exempt from execution under 11738 GC. He pleaded that he was a resident of this state, the head of a family and not the owner of a homestead.

The defendant claimed that the owner was the owner in fee simple of a homestead, that he conveyed that homestead about Sept. 1, 1925, to the Athens Lumber Co.; that on Sept. 12, 1925, the plaintiff obtained judgment in the attachment proceedings; that the conveyance was made with intent to defraud the attaching creditor and deprive him of the rights he had at the time of the commencement of the action.

Trial was had, resulting in a decree for plaintiff, as prayed for, and to this decree error was prosecuted.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.
MAUCK, J.

Whether the plaintiff was entitled to exempt the property turns upon the question of whether or not the plaintiff was the owner of a homestead at the time his right to an exemption accrued.

From the record we gather that on July 28, 1925, suit was filed against the plaintiff by the defendant Radford and the personal property involved was attached, that at that time the plaintiff and his wife were owners of the tract of land mentioned, which they subsequently conveyed to The Athens Lumber Co., and that, contemporaneously therewith, The Athens Lumber Co. gave back to the plaintiff, a contract by which the plaintiff could re-acquire the legal title to the land. It further appears

that this conveyance was, in effect, a mortgage only; that the lumber company did not, in fact, purchase the property but took legal title thereto for the purpose of securing its pay for erecting, thereon, a dwelling house to replace one that had been destroyed by fire. On July 28th, when the suit before the justice of the peace was begun and the personal property was seized by attachment, the plaintiff had both legal and equitable title to the land now claimed to have been his homestead. On Sept. 12th, when the judgment and order of sale were obtained against the plaintiff, the latter owned the equitable but not legal title to that real estate. The first question that arises, therefore, is whether the right to have exemption depends upon the status of the claimant at the time the order of sale was issued, on Sept. 12th, or at the time the property was attached, on July 28th.

This question, so far as an execution levy was concerned, was considered in Johnson Electric Co. v. Spence, 28 Oh. Ap. 44, where it was held that the right to claim the property in lieu of a homestead was fixed as of the date of the levy. That case can be said, therefore, to have determined that, as against execution, the rights of parties are fixed at the time. the execution is levied. To like effect is Nixon v. Van Dyke, 2 C. C. 63. It is argued, however, that while the rights of the parties as against an execution are to be determined at the time the property is seized, a different rule prevails as against an order of attachment; that in the latter case the attachment is not, in fact, levied until money has been raised by the attachment.

This precise question was determined in principle by Selders v. Lane, 40 OS. 345. In that case the judgment debtor demanded his exemption after the sale of the attached property, on the ground that he was then a married man. He was not such married man at the time the levy was made. The court held him not to be entitled to exemption because his rights were fixed at the time of the levy and not at the time of the sale. The levy, in this case, was therefore made at the time the property in question was reduced to the possession of the constable under the writ of attachment and at that time the rights of the parties were fixed.

In this view of the case it is probably not important that we determine the effect of the deed made by the plaintiff to the lumber company. It seems, from the testimony of the representative of the lumber company, that that company had no substantial interest in the property when it accepted the deed and that the only purpose of the conveyance was to secure the lumber company on a small past due obligation and for material to be thereafter supplied. Manifestly Kachman was the owner of the equitable title to the property. The well nigh universal holding is that an equitable title is sufficient to support a homestead.

The judgment is reversed and a new trial ordered with the direction that the right of the plaintiff to an exemption be determined as of the date when the property in question was seized by the constable under the order of attachment.

(Middleton, J., concurs. Sayre, PJ., not sitting.)