THE OHIO SAVINGS & TRUST CO. *v.* SCHUMACHER ET AL.

(Decided March 7, 1929.)

*Messrs. Reed & Reed,* for plaintiff in error.
*Mr. J. F. Stephenson,* for defendants in error.

SHERICK, J.  This appeal is from a judgment and decree of the court of common pleas of Tuscarawas county, and presents to this court questions involving homesteads and allowances in lieu thereof under the statutes.  The undisputed facts are as follows:
Since 1921, the defendants Clarence E. Schu-

macher and Rose L. Schumacher, husband and wife, have owned in common, in equal undivided shares, out lot No. 1 in the town of Tuscarawas, and since said date have occupied the premises as a homestead, and are now occupying them as such.

On April 28, 1921, these defendants executed and delivered to the defendant Blind a mortgage on all of said premises; this mortgage secures their joint note to Blind for $2,000, upon which the balance now due is $1,397.68, with interest at 5 per cent. from June 6, 1928.

Defendant Blind answers asserting his mortgage lien, but does not pray foreclosure. This lien is the first lien on all of said premises.

On January 19, 1926, the plaintiff recovered a judgment against the defendant Clarence E. Schumacher, for the sum of $7,689.29, with interest at 7 per cent. from such date; and thereafter, on October 22, 1927, execution was duly issued on said judgment, and a levy made on the undivided one-half of said premises belonging to the defendant Clarence E. Schumacher. The balance now due on this lien is $3,683.37, with interest at 7 per cent. from December 15, 1926. Rose L. Schumacher, or her interest in said premises, is in no way obligated upon this lien. The plaintiff prays that the undivided one-half interest of Clarence E. Schumacher in said premises be sold, and liens marshaled. Parties concede the plaintiff's lien to be second in priority against the undivided half of said premises belonging to Clarence E. Schumacher, but subject to costs, taxes, and the inchoate dower of the wife, Rose L. Schumacher, valued at $92.95.

On March 10, 1926, the defendants Clarence E. and Rose L. Schumacher executed and delivered to the defendant the Merchants' State Bank a mortgage on all of said premises; this mortgage secures their joint note to the defendant bank for $875, with interest at 7 per cent. from March 10, 1926. The defendant bank answers, asserting its mortgage lien, but does not pray foreclosure. This lien is second in priority on the undivided one-half of said premises owned by defendant Rose L. Schumacher; and is third in priority against the undivided one-half interest of the defendant Clarence E. Schumacher. It is conceded that the inchoate dower interest of Rose L. Schumacher in the husband's undivided half of said premises, valued at $92.95, is payable to the defendant Merchants' State Bank.

The undivided one-half of said premises belonging to Clarence E. Schumacher was appraised at $2,250, and thereafter sold at public sale to the plaintiff for $2,200; sale has been confirmed, and deed delivered, and the plaintiff and defendant Rose L. Schumacher are now tenants in common in all of said premises, each owning an undivided one-half thereof; the half interest of the defendant Rose L. Schumacher is held subject to one-half of the lien of defendant Blind and to all of the lien of the defendant Merchants' State Bank, less a credit for the dower interest. The amount of the costs is $79.73. The taxes due are $265.98.

The defendants Clarence E. and Rose L. Schumacher file separate answers and cross-petitions, claiming their right, under the statutes, to an allowance of $500 in lieu of a homestead out of the pro-

ceeds of sale, prior to the satisfaction of the plaintiff's lien.

The trial court found and decreed that out of the proceeds of sale, $2,200, there be first paid the costs, $79.73; second, the one-half of the taxes, $132.99, the other half of the taxes due to be charged against the undivided one-half of said premises owned by the defendant Rose L. Schumacher; third, to the defendant Blind the sum of $712.42, in full satisfaction of his lien, only as against the premises sold, the one half not sold to be chargeable with payment of the other half of the Blind lien; fourth, to the defendant the Merchants' State Bank, the sum of $92.95, the value of the contingent dower of the defendant Rose L. Schumacher; fifth, the remainder of said moneys to be paid to the plaintiff, to be credited on its judgment lien.

Appellants contend that they are entitled to an allowance in lieu of a homestead in the sum of $500 out of the proceeds of said sale, for the reasons that the undivided one-half of said premises belonging to said Rose L. Schumacher, remaining unsold, in which the Schumachers have lived since 1921, and are now living, could not be held to be a homestead; and that the husband, and not the wife, is primarily liable to provide a homestead for the family, and that all of the taxes should be paid out of the proceeds of sale.

These two questions of law are the only questions presented to this court; in all other matters the parties are in accord. We are thereby brought to a consideration of Sections 11730, 11737 and 11738 of the General Code of Ohio.

It is a well-settled principle of Ohio law that home-

stead exemptions, and allowances in lieu thereof, are purely statutory rights enacted for the benefit of the debtor's family, and not for the benefit of the debtor; public policy encourages such enactments, otherwise the public might be burdened with the support of the debtor's family. Courts are charged with a liberal interpretation of these sections in favor of the debtor's family; but they are equally charged to see that such statutes are not made the means of perpetrating apparent fraud upon unsecured creditors.

The first-mentioned section confers the right of homestead upon the husband or wife living together, but distinctly provides that, ''Neither can be allowed such demand if the other has a homestead.'' The two last-named sections provide for the allowance of $500 in lieu of a homestead, when the homestead is charged with liens and sold. But such sum is only allowable if neither the husband nor wife, living together, has a homestead; or if they have lost the same by a sale to satisfy liens. It would seem to this court, irrespective of statutory enactment, most inequitable as against an unsecured creditor to sanction an allowance in lieu of a homestead to a debtor husband or wife, living together, when either one of them has a homestead.

The facts in this case bring us to the question: Has the defendant Rose L. Schumacher a homestead in the premises, by virtue of her ownership of the undivided one-half thereof, which she previously held in common with her husband and now holds in common with the plaintiff?

In the case of *Biddinger* v. *Pratt,* 50 Ohio St., 719,

35 N. E., 795, it is found that the owner of a life estate in premises occupied by him as a family homestead is the owner of a homestead within the meaning of the statute, and is, therefore, not entitled to claim the exemption of personal property provided by the statute. And in the recent case of *Radford* v. *Kachman,* 27 Ohio App., 86, 160 N. E., 875, it is held that an equitable title to land is sufficient title upon which to base a claim of homestead.

The precise question in this case has not been before the Supreme Court of this state directly, but indirectly the court has said in *Hill* v. *Myers,* 46 Ohio St., 183, at page 193, 19 N. E., 593, 596: "In view of the voluntary partition had among the co-tenants, the question is not presented to us in an absolute and unqualified form, whether homestead rights can attach to an undivided interest in lands, in the absence of an express provision of the statute to that effect. In this connection, however, we do not hesitate to adopt the views of Mr. Freeman, who is known as a careful and judicious writer. 'We see no sufficient reason,' says he, 'even in the absence of statutes directly bearing upon the subject, for holding that a general homestead act does not apply to lands held in co-tenancy. The fact that a homestead claim might savor of such an assumption of an exclusive right as is inconsistent with the rights of the other co-tenant, and that the maintenance of such claim might interfere with proceedings for partition, form no very satisfactory reason for denying the exemption. If the rights of the other co-tenant are threatened or endangered, he alone should be permitted to call for protection and redress. The law will

not sanction any use of the homestead in prejudice of his rights. But as long as his interests are respected, or so nearly respected that he feels no inclination to complain, why should some person having no interest in the co-tenancy be allowed to avail himself of the law of co-tenancy for his own, and not for a co-tenant's gain? The homestead laws have an object perfectly well understood, and in the promotion of which courts may well employ the most liberal and humane rules of interpretation.' "

The plaintiff bank, the cotenant of Rose L. Schumacher, and also a mortgagee, neither sought foreclosure of its mortgage in this action, as it could have done, nor is it before us now complaining, and we are unable to see by what right or equity the defendants Schumacher are now entitled to speak for it.

The case of *Keys* v. *Young*, 2 N. P., 390, 4 O. D. (N. P.), 113, has much in common with the one at bar. In that case the court held that:

"In this state a married woman may be allowed a homestead exemption out of her undivided interest in real estate owned by her and others in cotenancy.

"In such case, the husband, not owning any real estate himself, is not allowed to select and hold exempt from levy and sale under Section 5441, Rev. Stat., personal property in lieu of a homestead."

We find upon careful examination that the more recent authorities, and greater weight of authorities, as set forth in 13 Ruling Case Law, 571 to 573, inclusive, hold that a tenant in common may acquire a homestead in undivided premises where the general requisites to the exemption are present. And

this court holds the view that an allowance of the claim of the appellants would render it possible for them to secure a second allowance in lieu of a homestead out of said premises, should the homestead of the wife be hereafter sold. The statutes plainly provide for but one homestead, and one allowance in lieu thereof, in the same homestead.

The fact that the wife's undivided one-half interest in the premises is covered by the two bank mortgages in no way changes the view of this court. *Bartram* v. *McCracken,* 41 Ohio St., 377, and *Olding* v. *Kemker,* 9 Dec. Rep., 601, 15 W. L. B., 310, support this view. The appellants might never be dispossessed by foreclosure. The statutes in no place make provision or exception in such case. This court can make none.

We believe that equity and justice require that the taxes on said premises should be equally divided between the respective halves. The plaintiff mortgagee, the purchaser of the husband's undivided half interest, makes no complaint thereof, neither does the defendant bank.

We therefore find that the judgment and decree of the trial court was correct. It follows that the same findings will be entered in this court as were entered in the court below.

*Decree accordingly.*

LEMERT and HOUCK, JJ., concur.