*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 13b0004n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:   MONAE BREECE,                                    )
                                                          )
              Debtor.                                     )     No. 12-8018
_____                  )

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division
Bankruptcy Case No. 11-52625

Argued: November 13, 2012

Decided and Filed: January 18, 2013

Before: FULTON, McIVOR and PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:**  Michael V. Demczyk, McNAMARA, DEMCZYK CO., LPA, Uniontown, Ohio, for
Appellant.  Todd A. Mazzola, RODERICK LINTON BELFANCE, LLP, Akron, Ohio, for Appellee.
**ON BRIEF:**  Michael V. Demczyk, McNAMARA, DEMCZYK CO., LPA, Uniontown, Ohio, for
Appellant.  Todd A. Mazzola, Brian T. Angeloni, RODERICK LINTON BELFANCE, LLP, Akron,
Ohio, for Appellee.

_____

**OPINION**
_____

**C. KATHRYN PRESTON**, Bankruptcy Appellate Panel Judge.  In this appeal, Monae
Breece ("Debtor") appeals the bankruptcy court's ruling that she may not claim a homestead
exemption in real property pursuant to Ohio Revised Code § 2329.66(A)(1)(b) because the real
property is owned by a limited liability company (an "LLC").  For the reasons stated in this opinion,

the Panel concludes that Debtor's membership interest in the LLC does not grant her an interest in the real property owned by the same LLC, and thus, she may not claim a homestead exemption in the LLC's real property pursuant to Ohio Revised Code § 2329.66(A)(1)(b). Therefore, the bankruptcy court's ruling sustaining the Chapter 7 Trustee's objection to Debtor's homestead exemption is affirmed.

## I. ISSUES ON APPEAL

The issue presented in this appeal is whether the bankruptcy court erred in determining that Debtor does not hold an interest in residential real property in which she can claim a homestead exemption pursuant to Ohio Revised Code § 2329.66(A)(1)(b), because the real property is owned by an LLC.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the  judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citations omitted). "An order sustaining a trustee's objection to debtor's claim of exemptions is a final, appealable order." *In re Zingale*, 451 B.R. 412, 414 (B.A.P. 6th Cir. 2011) (citations omitted).

The bankruptcy court's legal determinations are reviewed *de novo*. *Darrohn v. Hildebrand* (*In re Darrohn*), 615 F.3d 470, 474 (6th Cir. 2010) (citing *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 449 (6th Cir. 2009)). A bankruptcy court's decision involving application or interpretation of state law is a conclusion of law reviewed *de novo*. *In re Zingale*, 451 B.R. 412, 414 (B.A.P. 6th Cir. 2011) (citing *Menninger v. Schramm* (*In re Schramm*), 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010)). "Interpretation of a state's exemption statute involves a question of law and is reviewed *de novo*." *Menninger v. Schramm* (*In re Schramm*), 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010) (citing *Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 721 (B.A.P. 6th Cir. 1999)). *De novo*

review means that "the appellate court determines the law independently of the trial court's determination." *Myers v. IRS* (*In re Myers*), 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998) (citation omitted).

## III.   FACTS

On January 13, 2004, Debtor and her grandmother, Gladys Brown, jointly obtained legal title to the real property known as 2124 Greencrest Drive, Union Town, Ohio (the "Real Property"). On April 1, 2004, articles of organization for Gardinia Breeze, L.L.C.[1] ("Gardinia") were filed; Debtor and Ms. Brown initially held the membership interests. On July 2, 2004, Debtor and Ms. Brown transferred the Real Property to Gardinia; Gardinia continues to hold legal title to the Real Property.

Ms. Brown passed away, leaving Debtor as the sole remaining member of Gardinia. Gardinia has no debt and the Real Property is its only asset. The Real Property is subject to a mortgage; Debtor is personally liable for the debt secured by the mortgage.

On July 5, 2011, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Debtor has used the Real Property as her residence since 2004, and still resided on the Real Property at the time of commencement of the Chapter 7 case.

The Real Property is listed on Debtor's Schedule A with no indication of the nature of Debtor's interest in the property. On Schedule C, Debtor claimed a homestead exemption in the Real Property pursuant to Ohio Revised Code § 2329.66(A)(1)(b). Debtor also listed on Schedule B her equity interest in Gardinia under the category of stock and interests in incorporated and unincorporated businesses, and indicated that she holds 100% of the membership interests with a current value of $0.00. Debtor did not claim any exemption in her membership interest in Gardinia.

The Chapter 7 Trustee ("Trustee") filed an objection to Debtor's claim of exemption in the Real Property, in part on the basis that the Real Property is titled in the name of and owned by Gardinia and not Debtor. Debtor filed a Response to Trustee's objection to exemption, and Trustee filed a reply to Debtor's response.

---

[1] On Schedule B, Debtor gives the name of the LLC as Gardenia Breeze, L.L.C.; however, a search of the business records maintained by Ohio's Secretary of State indicates that the name is actually Gardinia Breeze, L.L.C., according to the articles of organization on file. Accordingly, the Panel will refer to the name of the LLC as Gardinia throughout this opinion.

The bankruptcy court held a hearing on Trustee's objection to exemption and determined at the conclusion of that hearing that Debtor did use the Real Property as her residence. The Court asked Debtor and Trustee to file briefs in support of their respective positions, and took the matter under advisement. On April 16, 2012, the bankruptcy court issued its memorandum opinion and order sustaining Trustee's objection and disallowing Debtor's claimed exemption. Debtor's timely appeal followed.

## IV.   DISCUSSION

The filing of a petition for relief under the Bankruptcy Code creates a bankruptcy estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate pursuant to 11 U.S.C. § 522(b). *Holland v. Star Bank, N.A.* (*In re Holland*), 151 F.3d 547, 548 (6th Cir. 1998). Pursuant to § 522(b)(2), a debtor may claim federal exemptions set forth in § 522(d) so long as the applicable state has not "opted-out" and enacted its own exemptions. Ohio has elected to opt-out of the federal exemptions and create its own. *See* Ohio Rev. Code Ann. § 2329.662. As the objecting party, Trustee has the burden of proving that Debtor's exemption is not properly claimed. Fed. R. Bankr. P. 4003(c).

In this case, Debtor claimed a homestead exemption in the Real Property owned by Gardinia pursuant to Ohio Revised Code § 2329.66(A)(1)(b). Ohio's homestead exemption provides in pertinent part as follows:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (1) . . .

(b) [T]he person's interest, not to exceed [$21,625][2], in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Ohio Rev. Code Ann. § 2329.66(A)(1)(b).

Debtor argues that her status as sole member of Gardinia vests in her a sufficient interest in the Real Property to entitle her to claim a homestead exemption as contemplated by Ohio Revised Code § 2329.66(A)(1)(b). The bankruptcy court, however, held that if the Supreme Court of Ohio had to determine the issue, it would find that Debtor's "sole ownership of the membership interests in the LLC would not confer upon her an 'interest' in the Real Property pursuant to [Ohio Revised Code] § 2329.66(A)(1)(b)" and thereby determined Debtor was not entitled to claim the exemption.

The bankruptcy court determined that Debtor is not entitled to claim a homestead exemption in the Real Property pursuant to Ohio Revised Code § 2329.66(A)(1)(b). In reviewing the bankruptcy court's decision, the Panel must determine what interest Debtor holds in the Real Property and whether that interest is property of the estate.

## A. Ohio Limited Liability Company Law

In this appeal, Debtor has not clearly defined her interest in the Real Property; however, she does not assert an interest in the Real Property unrelated to her status as sole member in Gardinia. Debtor submits that her interest in the Real Property is derivative of her membership interest in Gardinia because Debtor would otherwise be entitled to a distribution upon liquidation of Gardinia absent an intervening bankruptcy filing.

---

[2] Ohio law provides for adjustment of the exemption amount:

(B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.

Ohio Rev. Code Ann. § 2329.66(B). The adjusted dollar amounts do not appear in the text of the statute; however, that information may be accessed by visiting the Ohio Judicial Conference website. Ohio Judicial Conference, http://www.ohiojudges.org/ (follow "Exemptions from execution, garnishment, attachment or sale pursuant to R.C. 2329.66" hyperlink).

Pursuant to Ohio law, a person owning an equity interest in an LLC is a member of that LLC. Ohio Rev. Code Ann. §1705.01(G). That membership interest confers upon the member a right to a "share of the profits and losses of [the] limited liability company and the right to receive distributions from that company." Ohio Rev. Code Ann. §1705.01(H). A person's membership interest in an LLC is personal property. Ohio Rev. Code Ann. §1705.17. "A 'membership interest' in a limited liability company, however, does not confer upon the 'member' any specific interest in company property, whether personal property or real property. Such property is, instead, held and owed [sic] solely by the company." *In re Liber*, No. 08-37046, 2012 Bankr. LEXIS 2244, *10 (Bankr. N.D. Ohio May 18, 2012). Ohio Revised Code § 1705.34 provides that "[r]eal and personal property owned or purchased by a limited liability company shall be held and owned in the name of the company. Conveyance of that property shall be made in the name of the company."

In determining whether a person's membership interest in an LLC confers upon him an exemptible interest in LLC property, a court must attempt to predict how the Ohio Supreme Court would rule if presented with the same issue. "In construing questions of state law, the federal court must apply state law in accordance with the controlling decisions of the highest court of the state." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999) (citation omitted). "If the state's highest court has not addressed the issue, the federal court must attempt to ascertain how that court would rule if it were faced with the issue." *Meridian*, 197 F.3d at 1181. "[T]he Court may rely upon analogous cases and *relevant dicta* in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions, including the majority rule." *Owensby v. City of Cincinnati*, 385 F. Supp. 2d 626, 631 (S.D. Ohio 2004) (internal quotation marks and citation omitted).

There is no Sixth Circuit caselaw on the issue before this Panel. However, an unpublished decision from Northern District of Ohio is closely on point and held that the Supreme Court of Ohio would hold that members of an LLC do not have an exemptible "interest" in real property owned by the LLC within the meaning of the Ohio homestead statute as a result of their membership interest in the LLC. *In re Stewart*, Ch. 7 Case No. 09-37257, ECF No. 207, Mem. Decision Regarding Objection to Homestead Exemption (Bankr. N.D. Ohio Oct. 1, 2010).

The facts in the instant appeal are very similar to the facts of *Stewart*. In *Stewart*, the debtors were sole members of an LLC which owned one parcel of real property as its only asset. The debtors resided in that real property and paid the mortgage, real property taxes, homeowner association dues, and property insurance related to the real property. The LLC had no operating agreement and failed to hold formal meetings, take minutes or conduct election of officers. The debtors listed the real property on Schedule A of their bankruptcy petition identifying the nature of their interest as fee simple but indicating the real property was in the name of the LLC. The debtors claimed a homestead exemption in the real property pursuant to Ohio Revised Code § 2329.66(A)(1)(b). A judgment lien creditor filed an objection to the debtors' claim of homestead exemption.

The debtors in *Stewart* argued three theories to support their claim of homestead exemption in the LLC's real property: (1) as the sole members of the LLC they had an interest in the real property; (2) they had an oral lease with the LLC which qualifies as an exemptible interest under Ohio Revised Code § 2329.66(A)(1)(b); and, in the alternative, (3) the court should invoke the alter-ego doctrine to disregard the business entity and vest in the debtors ownership of the real property. Relying on the Ohio Supreme Court case of *Gaylord, Son & Co. v. M. Imhoff & Co.*, 26 Ohio St. 317 (1875), the court rejected all three of the debtor's arguments.

In addressing the debtors' first theory, the *Stewart* court examined both Ohio and Delaware law relating to an LLC and determined that under the law of both states, "an individual's status as a member of a limited liability company does not result in an ownership interest in property owned by the entity[,]" and therefore, the debtors did not have an exemptible interest in the real property as a result of their membership interests in the LLC. *In re Stewart*, Ch. 7 Case No. 09-37257, ECF No. 207, Mem. Decision Regarding Objection to Homestead Exemption at 5 (Bankr. N.D. Ohio Oct. 1, 2010). In addressing the second theory advanced by the debtors, the court determined they did not have an oral lease with the LLC but instead had nothing more than a tenancy at will. The court ultimately determined that a tenancy at will did not rise to the level of tenancy that qualifies for the homestead exemption under Ohio Revised Code § 2329.66(A)(1)(b) because of the "ephemeral nature of [the debtors'] occupancy." *Stewart*, Mem. Decision Regarding Objection to Homestead Exemption at 8. Finally, the court declined to apply the alter-ego doctrine and disregard the entity of the LLC so that debtors could claim a homestead exemption as fee simple owners of the real

property because Ohio law generally limits its use to third parties rather than insiders and only when justice requires. *Stewart*, Mem. Decision Regarding Objection to Homestead Exemption at 10-11.

At least one other bankruptcy court has declined to allow debtors to claim a homestead exemption in real property owned by an LLC of which they were the sole members. *In re Kane*, No. 10-18898-JNF, 2011 Bankr. LEXIS 2007 (Bankr. D. Mass. May 23, 2011). Aligning itself with the *Stewart* court, the court in *Kane* declined to permit debtors to pierce the veil to regain title to the real property owned by the LLC, and determined that the real property is not exemptible because it was not property of the bankruptcy estate.

Debtor urges that *Stewart* is distinguishable and argues that the bankruptcy court's reliance on *Gaylord, Son & Co. v. M. Imhoff & Co.*, 26 Ohio St. 317 (1875), was misplaced. Debtor points out that the *Gaylord* court applied an earlier version of Ohio's exemption statute that did not include the term "interest." While this is true, it is a distinction without a difference. In *Gaylord*, the issue before the Supreme Court of Ohio was whether the partners of an insolvent partnership were entitled to statutory exemptions out of partnership property when the same had been seized in execution by the partnership creditors. *Gaylord*, 26 Ohio St. at 320. The partnership creditors obtained a judgment against the partners and levied upon a leasehold and machinery held by the partners as partnership property. The partners collectively agreed to claim statutory exemptions in the property. At that time, the exemption statute at issue provided as follows:

> Sec. 3. That it shall be lawful for any resident of Ohio, being the head of a family and not the owner of a homestead, to hold exempt from levy and sale as aforesaid, personal property to be selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred dollars in value, in addition to the amount of chattel property now by law exempted. The value of said property to be estimated and appraised by two disinterested householders of the county, to be selected by the officer, etc.

*Gaylord*, 26 Ohio St. at 320 (quoting 66 Ohio L. 50). After examining the language of the exemption statute, the Supreme Court of Ohio stated:

> Looking alone to the language of the section above quoted, we find nothing to justify the inference that the legislature in passing it was intending to provide for other than individual debtors, and for the exemption of their individual property from sale on execution; and when construed in connection with the law relating to partnerships, as it had always stood and still stands, we are convinced that it could not have been

the intention of the law-maker to bring partners or partnership property within the operation or provisions of the section in any respect.

*Gaylord*, 26 Ohio St. at 321. Accordingly, the court determined that the partners were not entitled to an exemption in the partnership property. Clearly, the Supreme Court of Ohio in *Gaylord* was unwilling to extend Ohio's exemptions to partners or partnership property because it interpreted the statute to encompass only individual debtors and their individual property. This decision is instructive of how the Supreme Court of Ohio would rule if faced with the facts of the instant case: it is unlikely that the Supreme Court of Ohio would allow a member of an LLC to claim an exemption in property owned by an LLC pursuant to Ohio's homestead exemption given the fact the *Gaylord* court did not extend the Ohio exemption statute to the partners in that case. Based on Ohio law, this Panel concludes that the bankruptcy court correctly held that Debtor's membership interest in Gardinia does not bestow on her an interest in the Real Property.

### B. Use of the Real Property and Liberal Construction of Homestead Exemption

Debtor argues that a liberal construction of Ohio's homestead exemption statute does not require the person claiming it to hold an ownership interest in the property, and therefore, the primary focus for determining whether the homestead exemption applies should be whether the Debtor possesses and uses the Real Property as her residence. Debtor asserts that the most important statutory element of the Ohio homestead exemption is the term "uses," and it should trump all other statutory elements including the term "interest."[3]

Debtor relies upon a recent Sixth Circuit Bankruptcy Appellate Panel opinion involving Ohio's homestead exemption, *In re Wengerd*, 453 B.R. 243 (B.A.P. 6th Cir. 2011), for the proposition that the debtor's use of the property is crucial to determining the claim for homestead exemption. In *Wengerd*, the debtors entered into a contract to sell their home prior to filing bankruptcy. On the day the debtors filed their bankruptcy petition, they were using their property

---

[3] Debtor's argument essentially suggests that this Panel ignore the statutory element requiring Debtor have an "interest" in the property being claimed exempt, if the Panel determines Debtor uses the Real Property as her residence. This argument is difficult to reconcile with Debtor's argument that courts have a duty when engaging in statutory construction "to give effect to the words used, not to delete words used or to insert words not used." *Columbus-Suburban Coach Lines, Inc. v. Public Utils. Comm'n*, 20 Ohio St. 2d 125, 127 (1969).

as their principal residence. Shortly after filing their bankruptcy petition, however, the debtors closed on the sale of their home, retained the net proceeds of the sale, and relocated to another state where they intended to live. The debtors claimed a homestead exemption in the real property that was sold. The issue before the Panel was whether a debtor had to intend to remain at the homestead property in order to claim an exemption in same. The Panel concluded:

> Exemptions are determined on the date a bankruptcy petition is filed. The Debtors were using their property as their principal residence on the date they filed their petition. Therefore, the Debtors' intention to leave their property post-petition is irrelevant and does not defeat their claim to the homestead exemption provided by Ohio Rev. Code § 2329.66(A)(1).

*Wengerd*, 453 B.R. at 252.

Debtor's reliance on *Wengerd* is not well-taken. The Panel in *Wengerd* did not have to determine whether the debtors in that case had an interest in the property as the debtors owned the property and the parties clearly were not disputing that fact. The only issue before that Panel was whether the homestead statute required that debtors intend to remain in the homestead in order to properly claim a homestead exemption. Naturally, the Panel focused on that element because it was the only issue in dispute. Debtor overemphasizes this fact and seems to suggest that the usage of the property as a residence is paramount to any other statutory elements in Ohio Revised Code § 2329.66(A)(1)(b). This simply is not the case.

Debtor also relies upon several opinions from the Supreme Court of Ohio for support of the proposition that possession and physical occupancy, and not ownership of real property are the focus for claiming a homestead exemption. *Morgridge v. Converse*, 150 Ohio St. 239, 81 N.E.2d 112 (1948); *McComb v. Thompson*, 42 Ohio St. 139 (1884)*; Jackson v. Reid*, 32 Ohio St. 443 (1877); *Gibson v. Mundell*, 29 Ohio St. 523 (1876). Debtor's reliance on these cases is misplaced. Though the courts in rendering these opinions discuss the fact that a debtor must possess or use the real property as a residence before he can claim a homestead exemption therein, the courts did not have to determine whether or if the debtor in each case held a sufficient interest in the real property before examining the homestead exemption issues. While the cases support the proposition that a debtor must use or possess real property as a residence before claiming an exemption, the cases do not support the proposition that residing in the property is sufficient to prove an ownership or other

exemptible interest. In the instant case, the Real Property is not owned by Debtor, so these cases have no applicability.

Debtor argues that she held an "interest" in her residential real estate within the meaning of the Ohio homestead exemption, but she fails to provide any citation of authority for that proposition other than 11 U.S.C. § 541 and Ohio Revised Code § 2329.66(A)(1)(b). Rather, Debtor argues that because the term "interest" in the Ohio homestead exemption statute is not qualified by or preceded by the word ownership, her sole membership interest in Gardinia qualifies as an exemptible interest because Ohio's exemption statutes should be liberally construed.

"Ohio courts follow the rule that exemption statutes are to be construed liberally in favor of the debtor and any doubt in interpretation should be in favor of granting the exemption." *Baumgart v. Alam* (*In re Alam*), 359 B.R. 142, 147-148 (B.A.P. 6th Cir. 2006) (citing *Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St. 3d 441, 445, 504 N.E.2d 1100, 1103 (1986)). Use of the term "liberal construction" does not mean "words and phrases shall be given an unnatural meaning, or that the meaning shall be enlarged or expanded to meet a particular state of facts." *Dennis v. Smith*, 125 Ohio St. 120, 124, 180 N.E. 638, 640 (1932).

Debtor relies on *Radford v. Kachman*, 27 Ohio App. 86, 160 N.E. 875 (Ct. App., Athens County 1927) for support of the proposition that equitable title is sufficient to qualify for the homestead exemption. In *Radford*, a creditor filed suit against the debtor and his wife, who were owners of certain real property. The debtor and his wife conveyed what was deemed a mortgage to a lumber company, thereby conveying legal title to it and reserving equitable title in themselves. The court in determining whether the homestead exemption applied, held that " [t]he homestead law protects a possession held under an equitable as well as one under a legal title. Under this rule a homestead may be claimed in land of which the party is in possession under a contract of purchase or any other equitable title as well as if he held the legal title." *Radford*, 27 Ohio App. at 91 (citation omitted). Prior court decisions must be considered within the context of legal practices at the time. Before the Uniform Commercial Code existed, a conveyance of title was a mechanism for financing whereby the property owner did not intend for creditor to retain legal title in the property. The *Radford* court recognized that the title to the real estate was conveyed by the debtor solely as a means of securing debt and that debtor was the true owner of the real estate.

-11-

Debtor's argument ignores the fact that a person holding equitable title in real property as in *Radford* is very different from a person claiming an interest in real property because she believes equity requires it. Equitable title is defined as "a beneficial interest in property . . . that gives the holder the right to acquire formal legal title." *Black's Law Dictionary* 1523 (8th ed. 2004). In this appeal, Debtor does not assert that she holds actual equitable title in the Real Property, or that she is entitled to acquire formal legal title in the Real Property by virtue of her membership interest in Gardinia. Furthermore, in *Radford*, the debtor and his wife did not claim equitable title in the real property as an incident of their membership interest in an LLC or any other business entity. Thus, the *Radford* holding is distinguishable.

Debtor also argues that the bankruptcy court impermissibly inserted an ownership element into Ohio's homestead exemption statute by in effect requiring a debtor to hold legal title to real property in order to claim a homestead exemption. Debtor argues that the plain meaning of the homestead statute does not require a person to have a title ownership interest in the property being claimed exempt.

"It is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. If that inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly." *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St. 3d 492, 496, 946 N.E.2d 748, 752 (2011) (quoting *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106, 304 N.E.2d 378, 381 (1973)). "In determining legislative intent it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Columbus-Suburban Coach Lines, Inc. v. Public Utils. Comm'n*, 20 Ohio St. 2d 125, 127, 254 N.E.2d 8, 9 (1969). The bankruptcy court determined that Debtor's membership interest in Gardinia did not confer upon her an "interest" in the Real Property as contemplated by Ohio Revised Code § 2329.66(A)(1)(b). The bankruptcy court did not hold that the statute required Debtor to have an ownership interest in the Real Property. Accordingly, Debtor's argument that the bankruptcy court inserted an "ownership" element into the homestead exemption statute is without merit.

## C. Property of the Estate

11 U.S.C. § 522(b) provides in pertinent part that " an individual debtor may exempt *from property of the estate* the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection . . . ." (emphasis added).

The definition of property of the estate pursuant to 11 U.S.C. § 541(a) is unquestionably broad. Its purpose is to bring anything of value that the debtor has into the bankruptcy estate. *In re Webb*, 470 B.R. 439, 449 (B.A.P. 6th Cir. 2012) (citation omitted). Notwithstanding, § 541 does not expand a debtor's interest in property just because she has filed bankruptcy. *Webb*, 470 B.R. at 449. "Thus, whatever rights a debtor has in property at the commencement of the case continue in bankruptcy -- no more, no less." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984). "In determining the existence and scope of a debtor's legal or equitable interest in property, we look to state law." *Guar. Residential Lending, Inc. v. Homestead Mortg. Co., L.L.C.*, 291 Fed. App'x 734, 738 (6th Cir. 2008) (citing *Butner v. United States*, 440 U.S. 48, 54-55, 99 S. Ct. 914, 918 (1979)). In this appeal, Gardinia is an Ohio LLC, and thus, Ohio law is applicable.

Debtor cannot claim an interest in real or personal property owned by Gardinia pursuant to Ohio limited liability law. As previously discussed, pursuant to Ohio law, a person owning an interest in an LLC is a member of that LLC. Ohio Rev. Code Ann. §1705.01(G). That membership interest confers upon the member a right to a "share of the profits and losses of [the] limited liability company and the right to receive distributions from that company." Ohio Rev. Code Ann. §1705.01(H). "A 'membership interest' in a limited liability company, however, does not confer upon the 'member' any specific interest in company property, whether personal property or real property. Such property is, instead, held and owed solely by the company." *In re Liber*, No. 08-37046, 2012 Bankr. LEXIS 2244, *10 (Bankr. N.D. Ohio May 18, 2012). Since the inception of the concept of corporate existence, corporations have been recognized as a separate and independent legal entity. *See Disciplinary Counsel v. Kafele*, 108 Ohio St. 3d 283, 287, 843 N.E.2d 169, 173 (2006); *Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 287, 617 N.E.2d 1075, 1085 (1993); *see also State ex rel. v. Standard Oil Co.*, 49 Ohio St. 137, 177, 30 N.E. 279, 287 (1892). This separate corporate existence is generally held inviolate in the absence of fraud or bad acts by the shareholders or principals that warrants piercing the corporate veil. *See*

*Belvedere*, 67 Ohio St. 3d at 287; *see also Standard Oil Co.*, 49 Ohio St. at 178-79. As the concept of business entities evolved, the same distinct existence has been bestowed on limited liability partnerships,[4] general partnerships,[5] and limited liability companies.[6] Along with recognition that these business entities are separate and distinct from their equity holders, came the recognition that their assets are owned strictly by the entity, independently of the entity's equity holders and principals. Debtor has cited no authority indicating that these fundamental principles of the law of business associations, or the distinction between an LLC and its members should be disregarded when a debtor is a sole member of an LLC. If the legislature intended to grant members of an LLC an ownership interest in property owned by the LLC, the legislature knows how to and easily could have enacted a statute to that effect. *See* Ohio Revised Code Ann. § 1775.23 (repealed 2010) ("The property rights of a partner are his rights in specific partnership property . . . ."); *see also* Ohio Revised Code Ann. § 1775.24 (repealed 2010) (providing in part that "[a] partner is co-owner with his partners of specific partnership property holding as a tenant in partnership" and describing the incidents of that tenancy). Debtor does not allege she has an interest separate and unrelated from her membership interest in Gardinia; Debtor does not assert that she has a lease, tenancy at will, or any other possessory interest unrelated to her membership interest in Gardinia.[7] Accordingly, it is only through her membership interest that she claims a right to assert the homestead exemption. Thus, Debtor holds no specific interest in property owned by Gardinia. Because the exemption statute allows the Debtor to exempt the **Debtor's interest** in property used as a residence, and because Debtor has no interest in the Real Property, Debtor cannot claim an exemption therein.

Additionally, Debtor cannot claim a homestead exemption in the Real Property because neither the Real Property nor any interest therein is property of the estate. Property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). 11 U.S.C. § 522(b) provides in pertinent part that " an individual

---

[4] *See* Ohio Revised Code § 1776.81.

[5] *See* Ohio Revised Code § 1776.21.

[6] *See* Ohio Revised Code § 1705.01.

[7] Debtor's Schedule G does not list any executory contracts or unexpired leases. Further, Debtor's Schedule B does not list any equitable or future interests, life estates, rights or powers exercisable for the benefit of the debtor related to the Real Property or any other property right related to the Real Property.

-14-

debtor may exempt *from property of the estate* the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection . . . ." (emphasis added). "No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate." *Owen v. Owen*, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835 (1991). "Accordingly, in order to properly exempt property and remove it from the bankruptcy estate, such property must first be included within the bankruptcy estate." *Khan v. Regions Bank* (*In re Khan*), 2011 Bankr. LEXIS 4946, *20 (Bankr. E.D. Tenn. 2011). Debtor's membership interest in Gardinia does not grant her any specific interest in the Real Property. Thus, Debtor has no cognizable legal interest in any property owned by Gardinia. Accordingly, the Real Property does not constitute property of Debtor's bankruptcy estate, and for that reason, she is not entitled to claim an exemption in same.

## V. CONCLUSION

For the reasons set forth herein, the Panel affirms the bankruptcy court's opinion and order sustaining Trustee's objection and disallowing Debtor's claimed exemption in the Real Property.